IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 16-00476 HG-01 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CODI ALCON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

**ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE UNDER THE
FIRST STEP ACT (COMPASSIONATE RELEASE) (ECF No. 155)**

Defendant is currently incarcerated at the Dublin Federal
Correctional Institution in California with a projected release
date of March 17, 2023.

Defendant has filed a Motion seeking immediate release
pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A).
Defendant seeks release due to the COVID-19 pandemic.

The Court elects to decide the matter without a hearing
pursuant to District of Hawaii Local Rule 7.1(c).

Defendant's MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP
ACT (COMPASSIONATE RELEASE) (ECF No. 155) is **DENIED**.

**STANDARD OF REVIEW**

A judgment of conviction that includes a sentence of
imprisonment constitutes a final judgment and may not be modified
by a district court except in limited circumstances.  Dillon v.

1

<u>United States</u>, 560 U.S. 817, 824-25 (2010).

On December 21, 2018, Congress passed the First Step Act of 2018.  PL 115-391, December 21, 2018, 132 Stat. 5194.  The First Step Act amended 18 U.S.C. § 3582(c), the statute governing the limited circumstances under which the trial court may evaluate a motion for reduction of sentence.

The First Step Act altered the statute in Section 3582(c)(1)(A) to allow a defendant to request the trial court reduce his sentence through a motion for compassionate release, but the statute requires the defendant to first present his request for release to the Bureau of Prisons.  18 U.S.C. § 3582(c)(1)(A).

18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, provides, in pertinent part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment...after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i)   extraordinary and compelling reasons warrant such a reduction;
>
> ...
>
> > and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

## SECTION 3582(c)(1)(A) AS AMENDED BY THE FIRST STEP ACT

### A.   Mandatory Procedural Requirement

The statute allows the Court to consider a defendant's request for compassionate release only after the defendant has first presented his request to the Bureau of Prisons ("BOP").  18 U.S.C. § 3582(c)(1)(A); <u>United States v. Raia</u>, 954 F.3d 594, 597 (3d Cir. 2020).

The Parties agree that Defendant has complied with the procedural requirement of 18 U.S.C. § 3582(c)(1)(A) and that the Court may consider the motion for compassionate release.

### B.   Merits Of Defendant's Request For Compassionate Release

If a defendant has complied with the mandatory procedural requirement set forth in 18 U.S.C. § 3582(c)(1)(A), the District Court may reduce a term of imprisonment, including the grant of compassionate release, upon finding "extraordinary and compelling reasons" considering applicable policy statements of the Sentencing Commission.

The Sentencing Commission's policy statement is provided in United States Sentencing Guidelines § 1B1.13:

> [T]he court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—

3

(1)(A)    Extraordinary and compelling reasons warrant the reduction; or

   (B)    The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;

(2)    The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

(3)    The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

If Defendant is not 70 years of age and was not sentenced pursuant to 18 U.S.C. § 3559(c), Defendant is only entitled to relief if he demonstrates:

(1)  extraordinary and compelling reasons warrant a sentence reduction;

(2)  he is not a danger to the safety of others or the community; and,

(3)  any requested reduction is consistent with the policy statement.

<u>United States v. Gill</u>, 2020 WL 2084810, *2 (E.D. Cal. Apr. 30, 2020).

## C.   **Extraordinary And Compelling Reasons**

The Sentencing Commission's Commentary Application Notes for Guideline § 1B1.13 provides a definition of "extraordinary and compelling reasons." The Court agrees with the majority of the

4

district courts in the Ninth Circuit that have concluded that Section 1B1.13 and its definition of "extraordinary and compelling reasons" applies to motions for compassionate release even though the sentencing guideline was not separately amended following the passage of the First Step Act.  See Riley v. United States, 2020 WL 1819838, *8 (W.D. Wash. Apr. 10, 2020) (collecting cases); United States v. Shields, 2019 WL 2359231, *4 (N.D. Cal. June 4, 2019).

Sentencing Guideline Section 1B1.13's Commentary Application Notes explain that extraordinary and compelling reasons exist when:

    (A)  **Medical Condition of the Defendant.**–

        (i)  The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory).  A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required.  Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

        (ii) The defendant is—

           (I)      suffering from a serious physical or medical condition,

           (II)     suffering from a serious functional or cognitive impairment, or

           (III)    experiencing deteriorating physical or mental health because of the aging process,

        that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) **Age of the Defendant.**—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) **Family Circumstances.**–
   (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

   (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) **Other Reasons.**—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

The Sentencing Commission's policy statements inform the Court's discretion for § 3582(c)(1)(A) motions, but they are not binding. United States v. Aruda,___F.3d____, 2021 WL 1307884, at *11 (9th Cir. 2021) (per curium). The Court has the discretion to determine whether other extraordinary and compelling reasons exist when ruling on motions for compassionate release. United States v. Brooker, 976 F.3d 228, 236-37 (2d Cir. 2020); United States v. Hernandez, 2020 WL 3453839, at *4 (D. Haw. June 24, 2020).

## PROCEDURAL HISTORY

On August 3, 2016, the grand jury returned an Indictment charging Defendant Alcon and a co-defendant with one count of

6

Conspiracy to Distribute and Possess with Intent to Distribute Fifty (50) Grams or More of Methamphetamine, in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(A), and 846.  (Indictment, ECF No. 10).

On January 26, 2017, Defendant Alcon pled guilty to Count 1 of the Indictment.  (ECF Nos. 72, 73, 74, 75, & 86).

On June 8, 2017, the Court sentenced Defendant to 80 months imprisonment followed by a term of supervised release of 5 years. (ECF Nos. 120, 121).

On March 3, 2021, Defendant filed MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT (COMPASSIONATE RELEASE).  (ECF No. 155).

On March 30, 2021, the Government filed its Opposition. (ECF No. 160).

On March 31, 2021, Defendant filed her Reply.  (ECF No. 162).

The Court elects to decide the matter without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

## ANALYSIS

Defendant Alcon is 35 years old.  Defendant is currently incarcerated at the Dublin Federal Correctional Institution in California. Defendant bears the burden to demonstrate that extraordinary and compelling reasons exist that warrant immediate release from incarceration.  United States v. Greenhut, 2020 WL 509385, *1 (C.D. Cal. Jan. 31, 2020).

7

A defendant's general concerns about potential exposure to COVID-19 while incarcerated do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence. United States v. Eberhart, 448 F.Supp.3d 1086, 1089-90 (N.D. Cal. Mar. 25, 2020); United States v. Carver, __ F.Supp.3d ___, 2020 WL 1892340, *3 (E.D. Wash. Apr. 8, 2020).

The Centers for Disease Control ("CDC") has identified certain categories of individuals that are at a higher risk for severe illness due to COVID-19.  The list includes people with conditions such as: chronic lung disease, moderate or serious asthma, serious heart conditions, obesity, chronic kidney disease requiring dialysis, liver disease, diabetes, or individuals who are immunocompromised.  See United States v. Jones, Crim. No. 13-00860 LEK-03, 2020 WL 2331678, *5 (D. Haw. May 11, 2020).


I.   **Medical Condition**

   A.   **Current Centers For Disease Control Standards And Defendant's Medical Concerns**

Defendant Alcon states she suffers from severe obesity, chronic asthma, and hypertension.  (Def.'s Motion for Compassionate Release at pp. 5-9, ECF No. 155-1).

The Center for Disease and Control ("CDC") has identified severe obesity as a medical condition that places an individual, regardless of age, at increased risk should they contract COVID-19.  The CDC defines individuals as severely obese if he or she

8

has a body mass index ("BMI") of over 40.  (CDC Coronavirus
Disease 2019 (COVID-19) Website, at "People with Medical
Conditions," available at https://www.cdc.gov/coronavirus/
2019-ncov/need-extra-precautions/people-with-medical-
conditions.html#MedicalConditionsAdults, last visited 5/13/2021).

The CDC also identified moderate-to-severe asthma as medical
conditions that can make a person more likely to become severely
ill from contracting COVID-19.  (<u>Id.</u>)

Hypertension is another medical condition identified by the
CDC as a medical condition that can make a person more likely to
become severely ill.  (<u>Id.</u>)

## B.   Medical Conclusion

The CDC recognizes that the risk of developing severe
illness from COVID-19 increases with age.  Defendant is 35 years
old.  Those 65 years of age or older are at increased risk and
those 85 years and older at the greatest risk.  (<u>Id.</u>)
Defendant's age does not place her in a category of increased
risk of complications due to COVID-19.

Defendant's medical records reflect that as of November 5,
2020, Defendant had a BMI of 42.8.  (Medical Records attached as
Ex. A to Def.'s Motion for Compassionate Release, at p. 8, ECF
No. 159).  Defendant is considered severely obese under the CDC
definition.  Obesity alone, however, is insufficient to support a
finding of "extraordinary and compelling reasons" for immediately

release.

Defendant Alcon has had asthma since the age of 16.  (Id. at p. 6).  Prior to Defendant's term of imprisonment and throughout her time in prison, Defendant was prescribed Albuterol inhalers which she used for any shortness of breath.  (See, e.g., id. at pp. 4, 6, 7; see also Presentence Report ¶ 61, ECF No. 100).  A review of Defendant's medical records show that her asthma has consistently been treated with Albuterol inhalers and continues to be monitored by the BOP.  As of November of 2020, the BOP medical records reflect that Defendant's asthma is "controlled" and her "[l]ungs are clear."  (Medical Records attached as Ex. A to Def.'s Motion for Compassionate Release, at pp. 5, 33, ECF No. 159).

Defendant also states that she had an incident of elevated blood pressure on November 5, 2020.  (Def.'s Motion for Compassionate Release at p. 7, ECF No. 155-1).  Defendant's medical records do not reflect that Defendant has been diagnosed with the medical condition of hypertension.  The BOP noted the November 2020 incident and "continue[s] to monitor blood pressure and schedule blood pressure checks."  (Medical Records attached as Ex. A to Def.'s Motion for Compassionate Release, at p. 5, ECF No. 159).

The record demonstrates that Defendant has received and continues to receive appropriate medical care by the BOP. Conditions that can be managed in prison are not a basis for

compassionate release.  <u>United States v. Kazanowski</u>, Crim. No. 15-00459 DKW-05, 2020 WL 3578310, *9 (D. Haw. July 1, 2020).

**II.  Section 3553(a) Factors And Defendant's History and Characteristics**

**A.   History and Characteristics**

In order to be eligible for compassionate release, Defendant must establish that release is appropriate pursuant to the factors set forth in 18 U.S.C. § 3553(a) and that she is not a danger to the safety of others or the community.  18 U.S.C. § 3582(c)(1)(A).

The Section 3553(a) factors include the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed.

Defendant Alcon is currently serving a term of imprisonment for her conviction for conspiracy to distribute large quantities of methamphetamine.  Defendant Alcon was a part of a conspiracy coordinating and overseeing the delivery of at least two parcels containing methamphetamine from Nevada to Hawaii.  (Presentence Report ¶¶ 12-18, ECF No. 100).  Parcel 1 contained 1,773 grams or 3.9 pounds of methamphetamine.  (<u>Id.</u> ¶ 22).  Parcel 2 contained 444 grams or nearly one pound of methamphetamine.  (<u>Id.</u>)  A surveillance video from the United States Post Office in Nevada shows Defendant Alcon mailing the subject parcels.  (<u>Id.</u> ¶ 13).

Investigators were informed that Defendant Alcon was returning to Honolulu, Hawaii in July of 2016 and arrested her upon her arrival.  At that time, agents identified another 23

11

grams of methamphetamine attributed to Defendant Alcon.  (<u>Id.</u> ¶ 20).

In total, Defendant Alcon is responsible for 2,240 grams or 4.9 pounds of methamphetamine.  (<u>Id.</u> ¶ 22).  2,217 grams of the methamphetamine was of 99% purity.  (<u>Id.</u>)

Defendant has had a criminal history through her adult life. Defendant was convicted of shoplifting at the age of 18, and of theft at the age of 20.  (<u>Id.</u> ¶¶ 43, 44).

At the time of sentencing in the federal case here, Defendant Alcon had a pending state court case also pertaining to trafficking methamphetamine.  (<u>Id.</u> ¶ 51).  On May 5, 2015, Maui County Police officers executed search warrants on Defendant Alcon's residence and seized methamphetamine, marijuana, and glass pipes with methamphetamine residue.  (<u>Id.</u>)

On June 28, 2018, Defendant Alcon pled no contest to the felony count of promoting a dangerous drug, and the Hawaii state court sentenced Defendant Alcon to three years imprisonment.  (e-Court Kokua, Case ID Number 2PC151000743, available at https://www.courts.state.hi.us/legal_references/ records/jims_system_availability).  The three year term was to run concurrently with any other terms of incarceration Defendant Alcon was currently serving, including the federal sentence here in <u>United States v. Codi Alcon</u>, <u>16-cr-00476 HG-01</u>.

Defendant was also arrested three additional times prior to the arrest for the instant offense.  (Presentence Report ¶¶ 47-

52, ECF No. 100).  These additional arrests were all related to
drug trafficking or promoting a detrimental drug.  (Id.)

### B.   Portion Of Sentence Served

A review of the caselaw demonstrates that the portion of the
sentence already served by the defendant is a necessary factor
for the Court to consider in evaluating compassionate release.
United States v. Connell, ___ F.Supp.3d. ___, 2020 WL 2315858, at
*6 (N.D. Cal. May 8, 2020).  The amount of time served of the
originally imposed sentence must be considered pursuant to
Section 3553(a) to ensure that the amount of time adequately
reflects the seriousness of the offense, deters criminal conduct,
and protects the public.  United States v. Barber, 466 F. Supp.
3d 1127 (D. Ore. 2020).

At the time of sentencing, Defendant's guideline range was
120 to 135 months.  Defendant received an 80-month sentence.  Her
projected release date is March 17, 2023.  On the date Defendant
filed her Motion for compassionate release, Defendant had another
24 months of her sentence remaining to be served.

### C.   Appropriateness of Immediate Release

The nature and circumstances of Defendant's offense weigh
against reducing her remaining sentence.  Defendant pled guilty
to trafficking large quantities of a highly addictive substance.
At the age of 35, Defendant has a lengthy history of criminal

conduct since the age of 18.  Her record includes numerous arrests involving drug trafficking and a separate state felony conviction relating to drugs.  Defendant's history and characteristics do not favor a reduced sentence.  Defendant's immediate release would not adequately reflect the seriousness of her offense, and it would not protect the public.  Defendant's immediate release is not appropriate given the totality of circumstances under Section 3553(a) Factors.

**III. Summary Of Medical Conclusion And Section 3553(a) Factors**

Defendant has not established a basis for compassionate release based on her medical issues.  The record does not demonstrate that she is suffering from a terminal health condition or a condition that substantially interferes with her ability to provide self-care while incarcerated.  Defendant has been able to manage her medical conditions while incarcerated. The record demonstrates that Defendant has received and continues to receive appropriate medical care while incarcerated.

Defendant was convicted of the serious crime of conspiring with the intent to distribute  2,240 grams or 4.9 pounds of methamphetamine.  Defendant's criminal history throughout her adult life show she is a danger to the public.  Defendant has not established that her immediate release is warranted pursuant to the Section 3553(a) factors.

14

## CONCLUSION

Defendant's Motion To Reduce Sentence Under The First Step Act (ECF No. 155) is **DENIED.**

IT IS SO ORDERED.

Dated: May 13, 2021, Honolulu, Hawaii.

Helen Gillmor
Senior United States District Judge

United States v. Codi Alcon, Crim. No. 16-00476 HG-01; **ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT (ECF No. 155)**

15